FILED
2022 FEB 16 PM 3:32
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INMOMENT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MARKET & OPINION RESEARCH INTERNATIONAL LIMITED; IPSOS MORI UK LIMITED; and DOE DEFENDANTS 1-20,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS REGARDING THE DEPOSITION OF CHRIS SPARLING (DOC. NOS. 16, 20, & 21)**<br><br>Case No. 2:21-cv-00513<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are three motions filed by Defendants Market & Opinion Research International Limited and Ipsos MORI UK Limited ("Ipsos") concerning the anticipated deposition of Chris Sparling, a former officer or employee[1] of Plaintiff InMoment, Inc. ("InMoment") who lives in England. Ipsos' first motion seeks an order granting Ipsos the first opportunity to examine Mr. Sparling in a deposition. (Short Form Disc. Mot. Regarding Dep. of Former Pl. Officer Chris Sparling ("Mot. for First Examination"), Doc. No. 16.) Ipsos' second motion asks the court to issue a letter of request to an English court to secure Mr. Sparling's attendance at an in-person deposition in England. (Mot. for Issuance of Letter of Request, Doc. No. 20.) Ipsos' third motion seeks a protective order requiring InMoment to withdraw its First Amended Notice of Deposition of Chris Sparling, which gives notice of a remote deposition of

---

[1] The parties dispute whether Mr. Sparling was an officer or employee, but this distinction is immaterial to the resolution of the discovery motions.

1

Mr. Sparling on March 1, 2022.  (Short Form Disc. Mot. for Protective Order Regarding First Am. Notice of Dep. of Chris Sparling ("Mot. for Protective Order"), Doc. No. 21.)  For the reasons set forth below, the court denies Ipsos' motions.

## BACKGROUND

This action involves a contract dispute between InMoment and Ipsos.  (*See generally* First Am. Compl., Doc. No. 2-1.)  According to Ipsos, Mr. Sparling was an officer of InMoment when it had dealings with Ipsos. (Mot. for First Examination 2, Doc. No. 16.)  But according to InMoment, Mr. Sparling was an employee, not an officer—specifically, a "senior director of customer success"—and he left InMoment in April 2020, approximately a year before this case was filed.[2]  (Pl.'s Opp'n to Defs.' Short Form Disc. Mot. Regarding Dep. of Former Pl. Officer Chris Sparling ("Opp'n to Mot. for First Examination") 1, Doc. No. 18.)  Mr. Sparling currently lives in Nottingham, England.  (*Id.*)

In its initial disclosures dated October 15, 2021, InMoment identified Mr. Sparling as a representative of InMoment with relevant information and stated he should be contacted through its counsel.  (Ex. 1 to Mot. for First Examination, Pl.'s Initial Disclosures 2, Doc. No. 16-1.)  On December 7, 2021, Ipsos requested deposition dates for Mr. Sparling, believing he was still working for InMoment.  (Mot. for First Examination 2, Doc. No. 16.)  On December 22, InMoment responded that it no longer employed Mr. Sparling but that its counsel anticipated representing him at a deposition.  (*Id.*)  Then, on January 24, 2022, InMoment informed Ipsos that its counsel would not be representing Mr. Sparling and that InMoment intended to depose

---

[2] InMoment filed this action in Utah state court on April 23, 2021, and Ipsos removed the action to federal court on August 30, 2021.  (*See* Notice of Removal, Doc. No. 2.)

Mr. Sparling to preserve his testimony for trial. (*Id.*) According to InMoment, it also informed Ipsos that it believed Mr. Sparling would voluntarily agree to be deposed via Zoom (a virtual video conferencing platform) and would accept service from InMoment. (Opp'n to Mot. for First Examination 2, Doc. No. 18.) InMoment invited Ipsos to examine Mr. Sparling after InMoment completed its own examination of him. (Mot. for Examination 2, Doc. No. 16.)

On January 26, Ipsos sent a deposition notice to InMoment and Mr. Sparling, giving notice of an in-person deposition of Mr. Sparling on February 17 in London. (*See* Ex. 1 to Opp'n to Mot. for First Examination, Notice of Video Dep. of Chris Sparling, Doc. No. 18 at 6–7.) On January 27, InMoment sent its own deposition notice, giving notice of a remote deposition of Mr. Sparling on February 23, along with an acceptance of service form. (*See* Ex. 2 to Opp'n to Mot. for First Examination, Notice of Dep. of Chris Sparling, Doc. No. 18 at 9–13.) According to InMoment, both parties joined a Zoom call with Mr. Sparling, and Mr. Sparling indicated he would voluntarily agree to appear for a few hours from his home via Zoom. (Opp'n to Mot. for First Examination 2, Doc. No. 18.)

Ipsos then filed its first motion, seeking an order granting Ipsos the first opportunity to examine Mr. Sparling. (Mot. for First Examination, Doc. No. 16.) On February 7, the court stayed Mr. Sparling's deposition pending a ruling on this motion. (Docket Text Order, Doc. No. 17.) InMoment filed an opposition, asking the court to allow InMoment to proceed with a Zoom deposition of Mr. Sparling and to question him first. (Opp'n to Mot. for Examination, Doc. No. 18.) Ipsos filed an objection to InMoment's opposition, arguing it improperly included a motion within an opposition brief. (Def.'s Objection to Mem. in Opp'n to Short Form Disc. Mot. Regarding Dep. of Former Pl. Officer Chris Sparling ("Objection"), Doc. No. 19.) Shortly

3

thereafter, Ipsos filed its second motion, asking this court to issue a letter of request to an English court to secure Mr. Sparling's attendance at an in-person deposition in England.  (Mot. for Issuance of letter of Request, Doc. No. 20.)

On February 11, InMoment issued an amended deposition notice rescheduling its remote deposition of Mr. Sparling for March 1.  (*See* Ex. 1 to Mot. for Protective Order, First Am. Notice of Dep. of Chris Sparling, Doc. No. 21-1.)  Ipsos then filed its third motion, asserting the amended notice violated the court's order staying Mr. Sparling's deposition and asking the court to strike the notice.  (Mot. for Protective Order, Doc. No. 21.)

## ANALYSIS

1. <u>Motion for First Examination (Doc. No. 16)</u>

In its first motion, Ipsos argues it should be granted the first opportunity to examine Mr. Sparling in a deposition because it was the first party to request dates for his deposition and to send a deposition notice.  (Mot. for First Examination 2, Doc. No. 16.)  Ipsos asserts InMoment acted unfairly and improperly when InMoment responded with its own deposition notice.  (*Id.*)  Ipsos also contends InMoment has had months to discuss the case with Mr. Sparling, noting a party normally "need not depose its own employee to learn what he or she knows."  (*Id.* at 3.)  Ipsos argues InMoment's disclosures stating Mr. Sparling should be contacted through counsel prevented Ipsos from contacting him directly, and, as a result, Ipsos "lacks the striking advantage of already knowing, like InMoment, what [Mr.] Sparling will say."  (*Id.* at 3.)  Finally, Ipsos asserts both parties—not only InMoment—are seeking a "trial deposition" of Mr. Sparling because he cannot be compelled to attend trial.  (*Id.* at 2–3.)

4

In response, InMoment argues Ipsos' January 26 deposition notice was unenforceable, and it explains it sent its own deposition notice the next day in an effort to accommodate Mr. Sparling's willingness to voluntarily appear for a remote deposition. (Opp'n to Mot. for First Examination 2, Doc. No. 18.) According to InMoment, it believed doing so would save Ipsos the trouble of serving an international subpoena to compel his attendance. (*Id.*) InMoment argues it should be permitted to examine Mr. Sparling first because Mr. Sparling's deposition will be a trial deposition, and InMoment intends to use his testimony for its case in chief. (*Id.*) InMoment argues it will be most efficient to have the testimony taken in the order it will be presented at trial, particularly where Mr. Sparling is only willing to be deposed for a limited amount of time. (*Id.*) InMoment asks the court to allow it to proceed with a remote deposition of Mr. Sparling and to permit InMoment to question him first. (*Id.* at 3.) Ipsos objects to InMoment's request to allow a remote deposition, arguing this is an improper attempt to bring a motion in an opposition brief. (Objection, Doc. No. 19.)

The court first addresses Ipsos' objection. The District of Utah's local rules provide that a party may not make a motion in a response or a reply. DUCivR 7-1(a)(3). The only issue raised in Ipsos' motion is the order in which the parties will examine Mr. Sparling; the motion does not address whether the deposition should take place remotely or in person. Because this issue was raised for the first time in InMoment's opposition, and replies are not permitted for short form discovery motions, *see* DUCivR 37-1(b), Ipsos has not had an opportunity to brief this issue. Accordingly, at this time, the court does not rule on whether Mr. Sparling's deposition may be taken remotely.

Turning to the merits, Ipsos' request for an order granting it the first opportunity to examine Mr. Sparling is denied. Ipsos fails to cite any legal authority supporting its argument that a party is entitled to examine a witness first simply because it was the first to request deposition dates or to send a deposition notice. Even if it is customary to proceed this way, Ipsos has not demonstrated it is entitled to examine Mr. Sparling first under the circumstances presented here. The parties agree Mr. Sparling cannot be compelled to testify at trial; therefore, his deposition will be used to preserve his testimony for trial. Where InMoment intends to use Mr. Sparling's testimony in its case in chief, it is reasonable to allow the examinations to proceed in the order in which they will be presented at trial, regardless of which party issued the first deposition notice. The fact that Mr. Sparling is a former officer or employee of InMoment does not mandate a different result. Mr. Sparling is no longer under InMoment's control, and InMoment may depose him as it would any other witness. Likewise, Ipsos has not cited any legal authority suggesting the party with less information about a witness' anticipated testimony should have the first opportunity to examine the witness. Therefore, the deposition should proceed in the order in which Mr. Sparling's testimony will be presented at trial, with InMoment examining Mr. Sparling first.

Ipsos's suggestion that InMoment acted improperly is unsupported. Rather, the record shows InMoment communicated with both Mr. Sparling and Ipsos in an attempt to coordinate a remote deposition at which Mr. Sparling would voluntarily appear. These efforts were reasonable given Mr. Sparling's willingness to testify remotely and the potential difficulties of compelling him to appear in person. InMoment was not required to abandon its own efforts to schedule a remote deposition after Ipsos elected to pursue an in-person deposition.

For these reasons, Ipsos' motion seeking to examine Mr. Sparling first is denied.

2. <u>Motion for Issuance of Letter of Request (Doc. No. 20)</u>

In its second motion, Ipsos asks this court to issue a letter of request to an English court seeking to compel Mr. Sparling to appear in person for a deposition in England. (Mot. for Issuance of Letter of Request, Doc. No. 20.) Ipsos argues the letter of request is necessary to secure Mr. Sparling's attendance and production of documents. (*Id.* at 2.)

Rule 28 of the Federal Rules of Civil Procedure provides that a deposition may be taken in a foreign country:

> (A) under an applicable treaty or convention;
> (B) under a letter of request, whether or not captioned a "letter rogatory";
> (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or
> (D) before a person commissioned by the court to administer any necessary oath and take testimony.

Fed. R. Civ. P. 28(b)(1)(B). Under this rule, a letter of request "may be issued: (A) on appropriate terms after an application and notice of it; and (B) without a showing that taking the deposition in another manner is impracticable or inconvenient." Fed. R. Civ. P. 28(b)(2). Nevertheless, this rule "must be read together with Rule 26(c), which permits a court to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *De Leon v. Marcos*, No. 09-cv-02216, 2010 U.S. Dist. LEXIS 63421, at *9 (D. Colo. Mar. 10, 2010) (unpublished) (internal quotation marks omitted).

Here, Ipsos' motion fails to address the fact that InMoment separately issued a deposition notice on January 27 for a remote deposition of Mr. Sparling.[3] (*See* Ex. 2 to Opp'n to Mot. for First Examination, Notice of Dep. of Chris Sparling, Doc. No. 18 at 9–10.) As set forth above, the court will allow InMoment to examine Mr. Sparling first, and InMoment indicates Mr. Sparling is willing to participate in a remote deposition. (*See* Opp'n to Mot. for First Examination 2, Doc. No. 18.) Under these circumstances, issuing a letter of request for an in-person deposition by Ipsos could subject Mr. Sparling to separate, successive depositions in different formats. This result may run afoul of Rule 26(c). Further, Ipsos does not explain why an in-person deposition is necessary in light of Mr. Sparling's apparent willingness to appear remotely. Where both parties seek to depose Mr. Sparling but dispute the format of the deposition, it would be inappropriate to issue a letter of request before this dispute is resolved.

For these reasons, Ipsos' motion for issuance of a letter of request is denied without prejudice.

   3. Motion for Protective Order (Doc. No. 21)

In its third motion, Ipsos asks the court to strike InMoment's amended deposition notice rescheduling Mr. Sparling's deposition for March 1, arguing the notice was issued in violation of the court's order staying Mr. Sparling's deposition pending a ruling on Ipsos' first motion. (Mot. for Protective Order, Doc. No. 21.) Ipsos is correct that the parties should not proceed with noticing depositions while a stay is in place. However, because this order resolves Ipsos' first

---

[3] On the same day Ipsos' second motion was filed, InMoment issued an amended deposition notice. This amended notice is the subject of Ipsos' third motion seeking a protective order, discussed below.

8

motion (thereby lifting the stay), and considering the potential difficulties in securing Mr. Sparling's attendance at any deposition given his location, the court declines to strike InMoment's amended notice solely on the basis that it was issued while the stay was in place. An order striking the amended notice on this basis would have little practical effect, because InMoment could simply issue a new amended notice after this order is entered. Ipsos has not offered any other reason InMoment's amended notice should be stricken. Ipsos has not, for example, presented argument as to why a remote deposition should not be permitted.

Accordingly, Ipsos' motion for a protective order is denied without prejudice.

## CONCLUSION

The court DENIES Ipsos' three motions regarding the deposition of Chris Sparling, (Doc. Nos. 16, 20, and 21). The parties are directed to meet and confer regarding the format of the Mr. Sparling's anticipated deposition in light of this order.

DATED this 16th day of February, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge