UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| INMOMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARKET & OPINION RESEARCH INTERNATIONAL LIMITED; IPSOS MORI UK LIMITED; and DOE DEFENDANTS 1-20,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' SHORT FORM DISCOVERY MOTION REGARDING FORMAT OF THE DEPOSITION OF CHRIS SPARLING (DOC. NO. 28)**<br><br>Case No. 2:21-cv-00513<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Chris Sparling is a former officer or employee[1] of Plaintiff InMoment, Inc. ("InMoment") who lives in England, beyond the subpoena power of this court. Both parties seek to depose Mr. Sparling, but they dispute the format of the deposition. Defendants Market & Opinion Research International Limited and Ipsos MORI UK Limited (collectively, "Ipsos") seek to depose Mr. Sparling in person, in England, for up to seven hours—and ask the court to issue a letter of request to an English court to secure Mr. Sparling's attendance. (Short Form Disc. Mot. Regarding Format of the Dep. of Chris Sparling ("Mot."), Doc. No. 28.) InMoment opposes Ipsos' motion, arguing Mr. Sparling's deposition should be conducted remotely by Zoom videoconference and limited to four hours—conditions under which Mr. Sparling has

---

[1] The parties dispute whether Mr. Sparling was an officer or employee, but this distinction is immaterial to the resolution of the discovery motions.

1

voluntarily agreed to participate.  (Pl.'s Opp'n to Defs.' Short Form Disc. Mot. Regarding Format of the Dep. of Chris Sparling ("Opp'n"), Doc. No. 29.)

The court held a hearing on Ipsos' motion on March 21, 2022.  (*See* Doc. No. 33.)  After the hearing, both parties submitted notices of supplemental authority.  (Doc. Nos. 34 & 35.)  Having considered the parties' briefing, oral arguments, and supplemental authority, the court grants Ipsos' motion for the reasons explained below.

BACKGROUND

Ipsos is comprised of two companies located in Europe.  (Mot. 2, Doc. No. 28.)  InMoment, a Utah corporation, brought this action against Ipsos in Utah state court in April 2021, asserting claims for breach of contract, unjust enrichment, and declaratory judgment.  (*See* Notice of Removal, Doc. No. 2; First Am. Compl., Doc. No. 2-1.)  InMoment seeks damages of approximately $1.4 million.  (First Am. Compl., Doc. No. 2-1.)  Ipsos removed the action to federal court in August 2021.  (Notice of Removal, Doc. No. 2-1.)

Mr. Sparling was identified in both parties' initial disclosures as a person likely to have discoverable information.  (*See* Mot. 2, Doc. No. 28.)  According to Ipsos, Mr. Sparling was "involved with the project associated with" the contract at issue in this case when he worked for InMoment.  (*Id.*)  Mr. Sparling left InMoment's employment in April 2020.  (*Id.*)  He lives in Nottingham, England, and the parties agree he is beyond the subpoena power of this court.  (*See* Mot. 2, Doc. No. 28; Opp'n 2, Doc. No. 29.)  Because he cannot be compelled to testify at trial, his deposition will be used to preserve his trial testimony.  (Mot. 3, 5, Doc. No. 28.)  In communications with the parties' counsel, Mr. Sparling has agreed to voluntarily appear for a

remote deposition via Zoom videoconferencing for a maximum of four hours. (*See* Mot. 3, Doc. No. 28.)

## ANALYSIS

Ipsos argues an in-person, seven-hour deposition is warranted because (1) Mr. Sparling is a key witness whose testimony InMoment intends to use in its case in chief, and (2) the deposition will serve as the parties' trial examination of Mr. Sparling. (Mot. 4–6, Doc. No. 28.) At the hearing on the motion, Ipsos explained Mr. Sparling sent emails which Ipsos believes support its position regarding cancellation of the contract at issue. Ipsos argues remote depositions present multiple disadvantages, including the possibility of someone off-camera providing verbal and non-verbal cues to the deponent, the possibility of the deponent referring to other materials during the deposition, and limitations on counsel's ability to assess demeanor and credibility. (*Id.* at 4.) Ipsos also notes an in-person deposition would allow for a professional videographer to manage the quality of the recording and make it easier to handle exhibits. (*Id.* at 4–5.)

InMoment opposes Ipsos' motion, arguing Mr. Sparling's deposition should be conducted remotely and limited to four hours. (Opp'n 2, Doc. No. 29.) InMoment notes Mr. Sparling has voluntarily agreed to be deposed under these conditions and the court has no independent authority to compel Mr. Sparling's appearance. (*Id.* at 2–3.) InMoment argues any benefits of an in-person deposition are drastically outweighed by the inconvenience, expense, and delay of attempting to secure Mr. Sparling's attendance through a letter of request to an English court and requiring counsel to travel to England to conduct the deposition. (*Id.* at 4–5.) InMoment also disputes Ipsos' characterization of Mr. Sparling as a key witness. (*Id.* at 6.) InMoment notes

3

Mr. Sparling is not a party to the case and describes him as "merely a non-officer InMoment employee who was working on the project subject to the contract that Ipsos prematurely cancelled." (*Id.*)  InMoment argues the evidence will establish Mr. Sparling had no authority to speak on behalf of InMoment or to terminate or cancel the contract. (*Id.*)

Rule 30 of the Federal Rules of Civil Procedure provides "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).  Under this rule, a deposition is limited to one day of seven hours "[u]nless otherwise stipulated or ordered by the court."  Fed. R. Civ. P. 30(d)(1).

In authorizing remote depositions under Rule 30, courts have recognized remote depositions provide "effective and efficient means of reducing costs." *Carrico v. Samsung Elecs. Co., Ltd.*, No. 15-cv-02087-DMR, 2016 U.S. Dist. LEXIS 44841, at *3 (N.D. Cal. Apr. 1, 2016) (unpublished); *see also Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602–03 (D. Kan. 2012) (finding videoconference depositions to be a "logical, economical solution" to reduce costs).  However, courts have required in-person rather than remote depositions where the deponent is a "key witness" whose credibility is at issue—particularly where the deponent is a named party to the case.  *See, e.g.*, *Williams v. Camden USA Inc.*, No. 3:19-cv-691-AJB-AHG, 2021 U.S. Dist. LEXIS 133085, at *7–8 (S.D. Cal. July 16, 2021) (unpublished) (requiring the plaintiff to submit to an in-person deposition); *Gersh v. Anglin*, No. CV 17-50-M-DLC-JCL, 2019 U.S. Dist. LEXIS 162473, at *4–5 (D. Mont. April 5, 2019) (unpublished) (requiring an in-person deposition of a named defendant).  Remote depositions have certain disadvantages, including "the possibility of someone off-camera providing verbal and non-verbal cues to the deponent, the possibility of referring to other materials during the deposition, and limitations on

4

counsel's ability to assess demeanor and credibility." *Williams*, 2021 U.S. Dist. LEXIS 133085, at *8; *cf. Pruco Life Ins. Co. v. Cal. Energy Dev. Inc.*, No. 3:18-cv-02280-DMS-AHG, 2021 U.S. Dist. LEXIS 209840, at *13 (S.D. Cal. Oct. 29, 2021) (unpublished) ("[E]xperienced litigation attorneys read body language and find ways to engage witnesses in ways that are not available in a virtual setting." (internal quotation marks omitted)).  Because of these limitations, "a deposition by remote means may be insufficient where . . . the deponent is a key witness whose testimony and credibility are central to the case." *Gersh*, 2019 U.S. Dist. LEXIS 162473, at *5.

      Mr. Sparling is not a party to this case, and the significance of his role in the events underlying this case is disputed.  Nevertheless, Ipsos considers him a key witness for its defense based on emails he sent which Ipsos believes support its position regarding termination of the contract at issue.  Indeed, Mr. Sparling was the first witness Ipsos sought to depose in discovery.  Further, Mr. Sparling's deposition will be the parties' only opportunity to examine him and will also serve as his trial testimony.  Because of this, considerations regarding the quality of the recording and counsel's ability to assess demeanor and credibility take on heightened significance.  Under these circumstances, Ipsos has made a sufficient showing that an in-person deposition is warranted.

      InMoment argues the inconvenience and expense of an in-person deposition runs contrary to Rule 1 of the Federal Rules of Civil Procedure, which indicates the federal rules should be construed to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  But under this rule, considerations of time and expense must be balanced with ensuring a "just" determination.  *Id.*  As applied to the present dispute, InMoment's concerns about cost, inconvenience, and delay must be weighed against ensuring the format of the

deposition provides Ipsos with a fair opportunity to examine Mr. Sparling and preserve his testimony for trial. Where Ipsos considers Mr. Sparling to be a key witness for its defense, and the deposition will serve as Mr. Sparling's trial testimony, the costs and inconvenience of counsel's travel to England do not justify depriving Ipsos of the opportunity to depose Mr. Sparling in person. Such costs are a routine feature of civil litigation, and they are not unreasonable or disproportionate given the damages InMoment seeks in this action.[2]

For these reasons, Ipsos may proceed with an in-person deposition of Mr. Sparling. The court will not limit Mr. Sparling's deposition to four hours. Because both parties intend to depose Mr. Sparling, a four-hour limitation would give Ipsos only two hours to complete its examination, assuming the parties split the time equally. InMoment's desire to accommodate Mr. Sparling's preferences is an insufficient basis to impose such a substantial departure from the default seven-hour time limit under Rule 30.

At this time, the court does not address Ipsos' request that InMoment be ordered to pay half of the "hard costs" of the deposition. (*See* Mot. 6, Doc. No. 28.) This issue was not adequately briefed or addressed at the hearing. The parties should meet and confer regarding apportionment of the costs of the deposition and may file a new motion if they are unable to reach an agreement.

## CONCLUSION

The court GRANTS Ipsos' motion. Ipsos may proceed with an in-person deposition of Chris Sparling in Nottingham, England of up to seven hours. The examination time shall be split

---

[2] InMoment's counsel also has the option of participating in the deposition remotely in order to reduce any expense and inconvenience.

equally between the parties unless the parties stipulate otherwise. If Mr. Sparling declines to voluntarily appear for a deposition in this format, the court will issue a letter of request to an English court for an order compelling his attendance. The parties are directed to meet and confer regarding apportionment of costs and the language of the letter of request. The parties may file a stipulated proposed letter of request or, if they are unable to agree, Ipsos may file a proposed letter of request and InMoment may file any objections to the form of the letter within three business days thereafter.

      DATED this 18th day of May, 2022.

                              BY THE COURT:

                              _Daphne A. Oberg_
                              Daphne A. Oberg
                              United States Magistrate Judge